There's significant overlap of the facts, obviously, in this case, but I will add just a couple of the procedural facts. In 1998, Nestoralia was fired. In 1999, he settled. In 2000, the Corps breached, in Nestoralia's view, breached the settlement agreement, not just by the Internet posting, but also by reneging on a promise of paying him relocation costs. This is all set forth in the brief. Procedurally, this claim, this second case, was not ripe for court until late November of 2002, after the Privacy Act claim had been filed, and so it has proceeded on parallel tracks here. Mr. Oja, the nugget of this case is that Mr. Oja did raise discrimination, per se, in a bumbling way, I will acknowledge, but he did raise it in the administrative proceedings. Now, where and when exactly did he raise it? In the record at pages 17 to 18, ER 17 to 18, is the clearest spot where he states at the bottom of page 17 and then lists on page 18 the laws that he believes were violated by the government. What is that in? Is that in his petition, his appeal? The initial petition for enforcement. What he did was write a three-page or so petition and attached additional comments and authorities, and it's in that attachment. Let's suppose that I agree with you that he's properly raised the question of discrimination. What does that mean for you? I think it means one of two things, and not to create a huge decision tree here, but there really are two ways the Court could interpret the situation. One way is to hold consistent with the Title VII case law that a mixed, that enforcement of a mixed case, and I won't go into what a mixed case is because it's complicated, but it is, of course, briefed. Enforcement of a mixed case, which this was, settlement, is itself a mixed case. The underlying case, this is one thing that confused me. Was the first original case a Title VII or a Rehabilitation Act case or both? It was a Rehabilitation Act and MSPB merit system. So Title VII has nothing to do with this, in fact. Well, no, it does because the case law is consistent in saying that the Rehabilitation Act, an act to enforce the Rehabilitation Act is going to fall under all of the Title VII case law, and actually I could submit a supplemental. No, I understand that, but what I mean to be saying is that although the briefs talk as if the underlying case here or this case was a Title VII case, in fact, it was not. It was a Rehabilitation Act case. Well, I think when we say Title VII case, I don't know that I agree with that characterization because a Title VII case is kind of a term of art, I think, at this point. It's an act to enforce the discrimination laws. But I understand the confusion, but there's never been a dispute on that point in this case. Okay. But it was a mixed case. So point, possibility A is that this is a mixed case because the underlying case was a mixed case. Yes, Your Honor. Does it matter that the agency did not regard it as such on the second go-around? The – what matters is what it actually was, not how the agency treated it. Correct. I thought the case law seemed to care about whether the agency calls it a mixed case. Well, interestingly – It is a mixed case. That's where it goes next. Okay. The case law does seem to care about – case law doesn't care, but you know what I'm trying to say. The courts that have addressed this do address the fact that the – in determining whether it's a mixed case, the court should consider the complaint itself, the EEO's treatment and processing of the claim, and the surrounding circumstances. And that's on page 10. The MSPB's treatment of it is not part of that test. But the case law that addresses what the MSPB did and what the EEOC did has said that we're not going to rely on the mischaracterization of it by the MSPB. I believe that was in the Lange case. In other words, if the ALJ happens to get it wrong, that does not change the nature of what it really is. And to determine what it really is, you do have to look at what was said by the complainant. And the complainant clearly said that he thought he was being retaliated against afresh by the new actions that the government was taking. Judge, I want to make sure I'm right on this. The action that you brought in the MSPB that was before us was an action to enforce a settlement agreement. Yes. He attached to that, on his petition for enforcement, this listing of other actions, including the Rehabilitation Act, as motivation for why the agency was refusing to enforce the agreement, to abide by the agreement. Yes. So if the MSPB has decided that there was no breach of the contract, then the question as to whether the Army Corps of Engineers refused to abide by the contract on the basis of his disabilities, is irrelevant, isn't it, since they found that there's no breach? In other words, the motivation is now irrelevant since there's no breach. Well, the breach This is not a freestanding complaint, is it? The rehabilitation claim is not freestanding. I would disagree. I think that the breach, at least in terms of the posting, can either be seen as a clear breach of the settlement, or even if it is not a breach of the settlement agreement, it is by itself a retaliatory act. And Mr. Oya explicitly listed the Privacy Act above the other acts he listed on page 18. And he presented this claim to the What would the Privacy Act have to do with the breach of the settlement agreement? Because the nature of the breach was that they posted this private information about him on their website. Well, what I understand you to be saying is that the Privacy Act wouldn't, but if they did whatever they did, adverse to him, because they were retaliating for his having raised a Rehabilitation Act case, that is a freestanding Rehabilitation Act issue. Yes. Yes. The Privacy Act has nothing to do with it. No, but I guess my point being that he was saying this act of posting on the Internet is not just a breach of the settlement agreement. It also violates these laws. The breach before the MSPB doesn't have anything to do with the posting on the Internet, does it? Yes. It does? Yes. One of the two I thought you were just asking for his moving expenses in the act before the MSPB. That was the second claim. The first claim was that they had promised, as part of the settlement, to convert the basis of his termination from, and I'll use the exact phrase because it's the exact phrase that showed up on the Internet. They were supposed to convert it from excessive absence due to illness to, I can't remember the exact phrase, what they were supposed to change it to, but it was much more innocuous. And so then when they posted on the Internet the exact phrase that they were told not to use, that they had promised not to use, that was the first part of the breach claim. That would be the breach. What puzzles me is that when the settlement was reached and the order approving the settlement was entered by the board, the underlying action was dismissed, was it not? Yes. And the MSPB retained jurisdiction to enforce the settlement. Only to enforce the agreement. Yes. Not to go back to the underlying issue, rather to determine whether there was a breach of the agreement. That's the only thing they reserved. He wasn't trying to go back to the underlying issue. The underlying issue was his termination. They settled. The Washington Post does an article. The Corps posts the information on the website. He now sues to enforce the settlement agreement and also argues that this is a retaliatory act. I think what Judge Huck is referring to is that's your second theory for why it's a mixed case, but your first theory as to why it's a mixed case disregards all of that and says that because the underlying case was a mixed case. Yes. Yes. And we're getting mixed up here between the two approaches, the decision tree, which one is, okay, it's a mixed case. Therefore, when it was settled, the enforcement of the settlement is itself a mixed case. And there is, I will acknowledge, a Federal Circuit case that I was not aware of until the response brief, the King case, which says no. The only thing they had jurisdiction of was the settlement agreement and the enforcement of it. But the same is true of Title VII cases. When they are settled and the Court retains jurisdiction to enforce it, the only thing the Court has jurisdiction over is the settlement of the settlement. But the courts have said we're going to treat this as a Title VII case when one enforces a Title VII case. The point about the Federal Circuit ---- That's if it was breached. But this was if there was no breach. Well, we're arguing otherwise, Your Honor, on appeal, that there was a breach and that the ---- Well, all right. The Court should look at that. Yeah. But it seems like that's the essence of it is whether there was a breach or not. And that doesn't make it a mixed case. Well, I've argued otherwise in the brief. I see I'm out of time, and I would just ask for one moment to explain the second part of the decision tree, which is let's assume that the mixed case enforcement ---- that the enforcement of the mixed case settlement is ---- should be over at the Federal Circuit, shouldn't be here. There is still the issue of Mr. Oya's independent raising of the Rehabilitation Act retaliation argument. I understand. You said otherwise. But looking at a quotation from Sloan v. West, it appears to me that if the MSPB doesn't decide that it has jurisdiction over the Title VII case, then it's not a mixed case appeal. And if you're going to complain about the fact that they didn't decide they have jurisdiction, you have to go to the Federal Circuit and not here. All right. Now we have a ---- and I think you disagree with that, but I don't know why. So I'll let you disagree with it. But then we have the additional fact anyway that here they didn't decide either way whether they had jurisdiction over it. So then what do we do? That the MSPB ---- Never addressed whether it had jurisdiction. Never recognized that there was a freestanding Rehabilitation Act ADA something or other case. Right. And therefore never addressed whether it had jurisdiction over it. Except in a phone call, which this hasn't been refuted, that Mr. Oya called. This is on page 29 of the ---- But that's not going to do us a lot of good. There's nothing in any official piece of paper. But that ---- says that's not the test. If the court, if the MSPB chooses to ignore the discrimination component of a mixed case, that doesn't change the fact that it's a mixed case. It merely ---- If they decide it's not a mixed case. If they had explicitly said this is not a mixed case, I would agree, Your Honors, that we would ---- you would not have jurisdiction. That is not what happens. So you think if they don't decide it either way, then we do? Well, then you look at what the EEOC did, which is say, go ahead and ---- It wasn't arranged. So they were saying it wasn't a mixed case because they were saying it wasn't arranged. And then at the end, on page 30, they said you have 30 days to go to U.S. District Court. Uh-huh. And they were wrong. Well ---- If they were right about whatever else they said, i.e., that it was not, that it was, that there was no mixed case here because there had never been exhaustion, then they were wrong about what they said at the end. The EEOC was wrong in saying that it hadn't, that Mr. Oya hadn't raised it because apparently they were not looking at pages 71 to 18. All right. Here's one last question, and then we should wrap up and leave you some time for rebuttal. Are you challenging the transfer to the Federal Circuit of the breach contract part of this, or are you contending that the case essentially can be bifurcated at this point? Well, what exactly are we doing here? I'm arguing both and the alternative. I'm arguing primarily that the case should not have been transferred, that it is a mixed case. And how do we get it back? Suppose it was erroneously transferred. Do you have any case in which we have, can review the transfer, or is the review of the transfer at the end of that other case? I have not found any case law on that. And it was argued to the Federal Circuit in December. I don't know. Oh, you have argued this case to the Federal Circuit? Yes. Yes, and we're waiting ---- Because I don't have a docket. It's been argued. Yes. Have you raised any of this in the Federal Circuit? Yes. You have raised all of this Title VII problem? Yes. Yes. It's not an identical brief by any means, but the Federal Circuit is looking at this, and I'm considering whether to ask them to stay their decision. And the question of the Federal Circuit is on the merits as to whether or not there was a breach. Yes. So that question is squarely before that. It is. Okay. But you're saying that also in the Federal Circuit is the question of whether or not you exhausted a Title VII action such that they don't really have jurisdiction, you should come back here. Yes. Is that the right place for that question? Is that the right place for the jurisdiction question? No. Actually, the Federal Circuit itself has said that each circuit has its own jurisdiction, MADEY, M-A-D-E-Y, which is in the briefs. Each circuit has its own jurisdiction to determine whether it has jurisdiction. Well, that's true, but it's been transferred out of here now, and there's only one case. It isn't here. It's there. You have raised there the question of whether it should be here. If it should be here, it will come back here in due course. I think this Court, what the MADEY case says, in the first instance, this Court has jurisdiction. Now, the fact that the Federal Circuit chose to proceed, I couldn't find the hook to get that to stop. Wasn't your remedy to seek an immediate, to ask the district court to stay its transfer and then appeal here so that we didn't lose jurisdiction over the case to the Federal Circuit? And if you've now argued that the Federal Circuit doesn't have jurisdiction, that it was erroneously transferred, then isn't the remedy for us to wait for the Federal Circuit to see whether you prevail there, and then if you prevail there, presumably the Federal Circuit will say it was erroneously transferred here from Oregon. We'll send it back to Oregon. I think that this Court had the first jurisdiction and should retain jurisdiction to determine whether it had jurisdiction. Well, what happens if we end up with conflicting decisions? I don't know, and I've never – I can't find any case law on that. Apart from whether it was a mixed question before the agency, are you asserting that it was a mixed question before the district court on a different basis? On a different basis, yes. If there was a discrimination claim raised in the district court that made it a mixed case? Not a different – I'm arguing that Mr. Oya raised discrimination claims before the MSPB, then before the EEOC, and now is bringing them to the district court, that it's the same claim. Well, I don't hear the answer. The last thing you said. What I'm trying, Chairman, is whether the basis for your claim of a mixed matter is because it was mixed before the agency. I'm wondering if you're also claiming that it was on a separate basis from that, that it was a mixed question before the district court. No, I think that it's one thing. Okay, so what we're concerned with, then, is whether there was a mixed question before the agency, and if there was a mixed question, you assert that the district court was in error in transfer. Yes, primarily. One last question. What would be the basis? What final judgment are you appealing here? The judgment – Because the case is over there in the Federal Circuit. It's not finished. So what are you appealing here? It is a judgment, though. It's a judgment. This action is dismissed. It's CR 27. Yes, but it didn't end your case. It was just sent someplace else. It's a judgment. It's a final judgment. It's a judgment that results in a transfer. It's not like it should be dismissed. I don't know what it means to say it's dismissed and it's transferred. That doesn't make a lot of sense. In the same sense that if you filed it, if the case was filed in the wrong venue, the district court could issue it, I suppose, something that might look like a judgment, says I'm transferring it to the Southern District of New York. The case is not dismissed. I guess it's gone from this court, but it's gone someplace else. It's still very much alive. Let me clarify, and I'm sorry to have been confusing about this, but the last page of the order, 9 to 10, the last bit of the order, says that the claim for breach of settlement is transferred and the discrimination claim is dismissed. So as far as – That was why I asked the question the way I did. I'm sorry for – Anyway, we will give you a little time for rebuttal. Thank you. Thank you very much. This is all incredibly complicated. It is a complicated statutory scheme for the appeal rights and the judicial review rights for a federal employee. My understanding, put in simplest terms, is that if an employee brings a mixed case, and the complaint, the original complaint in this case, was a mixed case before the Merit Citizen Protection Board, that board has jurisdiction to hear both claims. The question for this court is, what is the jurisdiction of the district court to engage in a judicial review process? I think the rule is pretty clear that if the district court has jurisdiction, it reviews the employment, the prohibited personnel, and the whistleblower actions on an arbitrary and capricious standard, and it would review the discrimination, and I think both of us used Title VII, but in this case it's a Rehabilitation Act because the Title VII procedures are applicable, but it reviews the discrimination claim in the district court on the de novo standard. The problem in this case is that in order for the district court to have its jurisdiction over this mixed case, the MSPB has to have litigated and decided the discrimination case on the merits. In this case, the MSPB did not decide the case on its merits. The case was settled. Perhaps the earlier case. The original complaint. All right. The original complaint was settled. That claim was dismissed with prejudice. Over two years later, the plaintiff in this case brings a petition for enforcement, and in the petition he alleges two breaches. The first breach is the Privacy Act, the thing we talked about in the first case, and that's essentially his claim was that there was an inappropriate posting, and as a practical matter, the way that we learned that he knew in September of 2000 that there had been this posting because that's what he said in his petition, and that's why he couldn't back away from it. That's why there's this crossover. The second alleged breach was that the plaintiff contended that he was entitled to $15,000 in relocation fees from his transfer from Alaska down to Oregon. The third alleged breach was that the plaintiff was entitled to $15,000 in relocation fees from his transfer from Alaska down to Oregon. Now, there's nothing in the body of the petition, nor in the, and I didn't include the briefing because it was extensive in this case, but in the Ministry of Law judge's decision that would have given a clue that he was raising. But there is a citation in what's attached to the petition. And what that citation is, it's on page 145 of the supplemental excerpt of record. It's a listing of about six statutes without any discussion. Yeah, but the point where he alleges the two distinct breaches is in a cover letter, a text that, this is all present, is something that he's entitled Petition for Enforcement, and it's a little rambling. It's quite a bit rambling. But in the end, he says, as noted in the cover letter to this petition, I represent myself. I have reviewed laws, regulations, administrative procedures, policies. Please consider the following citations, excerpts, annotations, and footnote, and then proceeds to list a whole bunch of things in what's tiled Petition for Enforcement. And my response to that is, is one in his numerous arguments in the petition, the cover letter, he never talks in terms of having been discriminated against because of his alleged handicap or in violation of the Rehabilitation Act. He alleges the two merits of the case. That comes through in the briefing. That's how the issues were joined, and that's what the administrative law judge decided. That, of course, gives way then to the cover letter over what's tiled in the petition. Well, in the body of the petition, and I've included that in the excerpt of record, he does repeat the two allegations, and in the administrative law judge's opinion, the administrative law judge summarizes the two issues. So it's the way that the case was joined, the issues were joined. It was not argued or tried on a Rehabilitation Act retaliatory retaliation. This was a petition to enforce. If he thought that this MSPB had jurisdiction over this, he could have brought a separate complaint and tiled it in a mixed claim. He didn't do that. It just wasn't litigated as if there were discrimination complaints. Do we have jurisdiction over this question? I'm totally mystified at this point. Well, first of all, what we have is an order which purported to transfer part of the case and dismiss part of the case. Can the judge do that? You know, I hadn't thought about that beforehand, and it is – I think what happened in this case was that the magistrate recommended that, and the district court judge adopted it, and I think they were doing that as an accommodation to the plaintiff so that he could pursue the claim. And I suspect that none of us thought that out as clearly as we should have. All right. But still, in terms of our jurisdiction, there is a dismissal of something. There's a dismissal of the entire claim. Does that mean that there's a final judgment as to part of the case? Does that mean we need a 54B authorization before we can go forward, or what? I would like to have thought about that, and I haven't. If it's less than the total judgment, obviously you need a 54B judgment in this case. We have the statute that talks about transfer. This case was, in fact, transferred, and I think it was done as – Well, it appears that part of it was transferred. Sure. But I think that the more important issue is that – Did the district court cite its authority for the transfer? No. So it didn't tell us what kind of a – No. But the point I would make is that the case law from both the Circa and Sloan v. West is that you should have, as much as you can, a unitary appeal on these matters, and that on the issue of whether or not the MSPB board had jurisdiction, that goes up through the MSPB to the federal circuit. While the federal circuit has jurisdiction to determine whether it has jurisdiction, if it determines, then you get to the Lange situation and it gets transferred over to the district court. So in the first instance, the proper court to determine whether or not it has jurisdiction is the circuit, the federal circuit court. And if the federal circuit were to conclude that there was an exhausted Title VII and whatever we're calling it claim, so it was a mixed case and so it really belonged back here, they would send it back here. That's right. Did you argue the case in the – I did not. It was argued on December 8th. I think the council argued it. I checked earlier this week to see if there's been an opinion and none has been issued. But this issue was argued. I'll have to take counsel's word on that. You don't know. Because I didn't watch it. I haven't looked at the briefs carefully enough. So the issue really – Don't you think the reason that the district court transferred it to the federal circuit was a determination it was not a fixed case and therefore simply a review of the order confirming the settlement? I believe that the district court viewed the case the way I did, which was this was simply a breach of contract case. And I believe that because the court specifically said a fair reading of the petition does not allege a violation of a discrimination claim and that under the current circuit law, it's not the position of the court or the duty of the court to add allegations to that petition. And I think that's what – as I read the court, both the magistrate's decision and Judge Hogan's written decision, he wrote a decision, not just adopted the final recommendation. That's how I read it, that a fair reading of the petition does not raise a discrimination claim. Well, don't we – I'm really puzzling this out, but it seems to me that if we don't review what purported to be a dismissal or review it on nondamus or something, the case has now been fractionated and the Title VII issue isn't in the D.C. Circuit because it's been dismissed. So even if the D.C. – I mean, not the D.C. Circuit, the federal circuit. In other words, this court purported to dismiss it. If we don't review it at least sufficiently to see whether it should be undismissed, then it's not over there in the federal circuit. It's gone. I think you're assuming that the decision that this is simply an enforcement case and not a mixed case. No, I'm not. I'm just trying to puzzle out a prior set of questions before we ever get to that as to how we get this case back in one place at one time. Accepting what Plans Council says about the nature of the briefing in that case, and again, I have not read it, the issue of whether or not this was a mixed petition for enforcement or not is before the circuit court. That is the judicial review. And under my understanding of the case law, whether the MSPB has jurisdiction is decided by the circuit. In Sloan v. West, the court transferred to the federal circuit to determine whether or not the MSPB had jurisdiction. If the MSPB decides that this is truly just an enforcement action and they decide that the MSPB had jurisdiction on that, then they have the judicial review. I may be being too cute by half, but it seems to me that there is at least the further possibility that they would say, well, it may have been a mixed petition originally, but the Title VII piece is gone. It's been dismissed. Counsel, is the statute of limitations running now on the – Let's suppose the district court was correct here. Is the statute of limitations running on the EEOC claim? I haven't briefed this, but my view on this is that there are time limits for the EEO claim that were missed prior to the filing of the complaint in this case, the 120 days from the personnel action and things like that. So you're saying it's futile, but that's a loser on the merits once it goes back for exhaustion before the EEOC. That's right. I will either raise the filing of a mixed complaint satisfies the exhaustion requirements under the EEOC. You don't have to both file within 45 days. That's what essentially Lange said. They gave him some extra time in which to file, but it's a 120-day period. I believe that that 120-day period was missed even before the petition was filed. He knew about it on the – Okay, and that may or may not be right. What would the government like us to do? Not to be flipped, but I think that the issue for this Court is whether or not, on the record before the Court, the district court had jurisdiction for judicial review of the decision of the merits. But you just told us something else. You just told us, no, that's not the question at all. You just told us that your point of view is that we don't have a case here because it's in the D.C. – No. Well, then I misspoke. What I've always said the issue in this case is, does the district court have jurisdiction to conduct a judicial review of the enforcement action? But how can we do that if the case has been transferred? That's fine as long as we come up with a decision that's consistent with the federal circuit. So it works for one of you. It doesn't work for the other. Sure, and because of the procedure in this case, there's always the danger that they may be flicking circuit opinions. What is your understanding of the basis for the claim that this is a mixed case? I understand plaintiff's position to be that they're not claiming that the original – well, I understand there would be two positions – that the original complaint was a mixed case and, therefore, notwithstanding the settlement, it retains its characteristics as a mixed case. My response to that is, no, the original complaint was dismissed. What you have is a breach of a settlement agreement, and that's a separate claim. My understanding of plaintiff's – Is plaintiff correct that the Title VII law is otherwise? And if so, why should we follow the King case? Well, if you could, if you could go on to the second aspect of it, what's your understanding of this? My understanding is that the alternative position of the plaintiff is that the petition as filed raised a mixed case claim. Petition as filed where? In the Merit Systems Protection Board. All right. I understand the position of the plaintiff, and I hate to speak for him, but I understand the position to be that this is as if it were a new mixed complaint and that they claim they adequately raised the discrimination claim. My response to that – That petition was – first, we have the question of enforcement of the settlement agreement, and there was a breach, so what is the petition you're talking about? I'm talking about the petition for enforcement filed on September 8, 2001. All right. And that included, in addition to enforcement, something else. That's their claim. I don't see that in the paper. Can you file that sort of a thing with the Merit Systems Board without having first gone through other evidence? You can file it. My understanding is you can file it, but there are time limits to the extent that the question is, do you have to separately satisfy the 45-day requirement under EEOC? My understanding is that filing a mixed complaint satisfies the EEOC exhaustion requirements. If the thing ever comes back to the district court, my position will be that the September 8, 2001 filing was untimely, and therefore those claims are barred. And can you do it with the board without going to the EEOC at all? Yes. The board hears it initially. The board has the initial responsibility. The appeal process from the – let me – I missed – when I said the board, I meant the administrative law judge. It goes – you file an appeal. That's the word of art in the MSPB. You file an appeal. It gets assigned to an administrative law judge. The judge makes a decision. It is then appealed to the full board. On discrimination complaints, there's a process for sending it over to EEOC. They review it. If there's an agree, they send it back for a disagree. And then you go to the district court. You have to litigate those claims on the merit before the district court ever has jurisdiction on the statutory scheme. Counsel, did anybody think about going to our mediation program? We did, and it was short-lived. Thank you. Thank you very much. We'll give you a minute and a half or so in rebuttal. Thank you, Ernest. I would recommend reading the Sloan case. I need to reread it. It goes through a lot of these issues. And in that case, the court actually did say that part of the case should be transferred to the federal circuit and the other part should stay. The discrimination part should stay. So that obviously is something that can be done. And actually, that's what the district court did here. Then when the district court proceeded to look at the discrimination case, the district court said you haven't exhausted your remedies. I would argue, Your Honor, that the nut of this case, as I said when I stood up here first, was that he did exhaust his administrative remedies regarding the discrimination claim. If you look at ER 17 to 18 and if you look at the EEOC decision, ER 30, where it acknowledges that he raised discrimination before the EEOC, but the EEOC said, well, he didn't raise it to the MSPD, which is wrong. It's just plain wrong. The Sloan case said that this whole thing that public employees have to go through is a Gordian knot, and it is. So I'm certainly not arguing that this is a simple matter. But at its heart, the simplest issue before you is an exhaustion issue, which is not overly complex. The Sloan – I'm sorry. And the judge below did say that it was transferred pursuant to 28 U.S.C. 1631. That statute says that in some cases it's appropriate to transfer to another district. The Sloan case also talked about equitable polling. Mr. Solon says he's going to raise a statute of limitations argument on remand. First, I'd argue that the law of the case says we're done talking about that sort of thing. We've had summary judgment. They had their opportunity. Wait. Can I go back? I'm now looking at Sloan, and I don't see where they – you claim – said that they remanded part of it, that they transferred part of it and left the Title VII case here. I don't see that. We transfer the case to the Federal Court of Appeals. The concurring in part – dissenting in part opinion would have done that, but it isn't what they did. My understanding is they transferred the whole thing. Is that not right? I'm reading it very quickly, but that's what I'm seeing. I'm sorry. I don't have the case in front of me. I have the quotes that say that the court rejected the defendant agency's approach, which would have resulted in the Title VII statute of limitations running out while the appeal – Because they told the limitations. Yeah. They transferred the case. My recollection was that they had retained jurisdiction over the discrimination claim. No, they didn't. They told the limitations free, but they transferred the whole thing. But – okay. But that case does stand for the proposition that it can be bifurcated, that the discrimination matter – It's equitable to allow the plaintiff to proceed in the Federal Circuit while retaining the discrimination claim. I'm sorry. I don't have the case in front of me, so I'm bumbling here. But that was my recollection of what the case said. Obviously, it requires more scrutiny. Judge, I have a question. Pardon? What is the basis for your allegation that the settlement agreement was breached? There's two ways in which it was breached. One was that they had promised he could get relocation costs, specifically the cost of buying a new home when he moved back to Oregon – moved to Oregon. And that did not – they reneged. They actually issued new orders, unsigned orders that just said, no, we're not going to do that. The other was that they promised to change the nature of the – convert the basis of his termination from excessive absence due to illness to – I can't remember the exact wording, but – Yeah, I know what you mean. How does this differ from the discrimination claim that you maintain was adopted? The discrimination claim is an argument that by posting the personal information about Mr. Oya on their website, they were doing that to retaliate against him for his protected – earlier protected activities. And so that's a retaliation case. So that's – this is after the breach? It is the – it is the act that was – the breach is also – That's the point I'm making. What in addition to the – those matters that are being litigated with the breach, what is the subsequent discrimination that you maintain? It's not subsequent. It's the same act. And it's an argument that not only was it a breach of the settlement agreement, but it was also retaliatory in violation of his rights under the Rehabilitation Act. Why isn't that something that's covered by the litigation of the breach of the settlement? The Discrimination Act claim would come with a whole different set of remedies, non-economic damages, attorney fees. But that was all before the board before, wasn't it? It was before the board, and they did not address it, the discrimination part of it. It's a different discrimination claim than the one that was settled. Oh, not the initial – yeah. But the board would have necessarily decided if they decided there's no breach. Okay, but that can still be appealed. Is that true? I thought – it's not true. I thought that there could be no breach, but it still could be retaliatory. Well, yeah, yeah. I think that's true. I mean, the bottom line is that the board held against him. He raised all these discrimination issues and didn't get an explicit decision about that. But that's the question of whether there was a breach of the settlement. It wouldn't have to arise to a breach to still be arguably retaliatory conduct. But not afterwards. It's something that was brought before the board, right? It was brought to the board in one package and then brought to the EEOC in one package. That wasn't part of the settlement? No. The settlement was for his termination. Well, didn't you settle everything that was before the board? He's been to the board twice. The first time was in 1999 for the termination. Settled that. A year later, they start posting information about him privately. He sues to enforce the settlement agreement and for discrimination, retaliation. By posting the material. Right. Which was all after the settlement. Right. But the discriminatory animus, as I understand it, is still discriminatory animus in breaching the agreement. In taking the acts that also constitute a breach of the agreement. Not in breaching the agreement. Pardon? There was a slight difference between saying, why did you breach this agreement when you don't breach other agreements? Oh, because I had it in for this guy. Or saying, why did you do the acts that also breached the agreement? Or even allowing that maybe it wasn't a breach of the agreement, it's still retaliatory. It's still disclosing private information that shouldn't have been disclosed. Even if you don't agree that the settlement agreement prohibited that, it's still retaliatory. Okay. Thank you. Thank you very much. And I thank both counsel for illumination on very complicated matters. And we will take a ten-minute break. Thank you very much. All rise.
judges: Hug, Berzon, Bybee